FILED
2021 NOV 15 AM 11:25
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JOHNATHAN FAY,<br><br>          Plaintiff,<br><br>v.<br><br>STATE OF UTAH; PRICE CITY, UTAH; SALT LAKE CITY, UTAH; and DOES 1–50,<br><br>          Defendants. | **REPORT AND RECOMMENDATION TO DISMISS ACTION**<br><br>Case No. 2:20-cv-00621<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Pro se Plaintiff Johnathan Fay, proceeding *in forma pauperis*, filed this action against the State of Utah; Salt Lake City, Utah; Price City, Utah, and DOES 1 through 50.  (Compl. 3, Doc. No. 3.)  On September 20, 2021, the court found Mr. Fay's complaint deficient and ordered him to file an amended complaint by October 20, 2021.  (Order to File Am. Compl., Doc. No. 5.) Mr. Fay did not file an amended complaint by that deadline or at any time thereafter.

As discussed in the prior order, upon review of the complaint under 28 U.S.C. § 1915(e)(2)(B), it is evident Mr. Fay fails to state a plausible claim for relief.  And because Mr. Fay failed to comply with the court's order to amend his complaint, further opportunities to amend would be futile.  Accordingly, as explained below, the undersigned[1] RECOMMENDS the district judge DISMISS this action.

---

[1] On September 14, 2020, District Judge Parrish referred this case to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B).  (Doc. No. 4.)

LEGAL STANDARDS

Whenever the court authorizes a party to proceed *in forma pauperis*, the court may "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). The court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013). But the court need not accept the plaintiff's conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and further provides that "[e]ach allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1). "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). The complaint must "give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration in original) (internal quotation marks omitted).

Because Mr. Fay proceeds pro se, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. Still, a pro se plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted). Thus, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based." *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted). While the court must make some allowances for "the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[,]" *Hall*, 935 F.2d at 1110, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (internal quotation marks omitted).

<u>DISCUSSION</u>

Mr. Fay's complaint lacks a short and plain statement showing he is entitled to relief. Indeed, it is hard to discern how the facts alleged support any recognized legal claim. Mr. Fay raises everything from the Crime Control Act of 1994, to various other criminal statutes, to the Religious Freedom Restoration Act, to the United Nation's Universal Law of Human Rights. (Compl. 2, Doc. No. 3.) It appears Mr. Fay is complaining on behalf of himself, a church he

3

operates, and a different church.  (*Id.* at 3.)  He seems to assert the defendants' actions toward the religious and/or medical cannabis use of the members of his church constitutes a violation of his rights or a hate crime.  (*Id.* at 7.)  Mr. Fay's complaint mentions the wrongful arrest of several church members.  (*Id.* at 9.)  Mr. Fay also contends he was illegally charged with an offense and had his driving privileges suspended by the defendants, without due process of law.  (*Id.* at 10–11.)  According to Mr. Fay, these acts of the defendants have harmed and burdened his church and its members, and have divested them of land-use rights.  (*Id.* at 13–16.)

Although Mr. Fay's complaint is lengthy, it primarily consists of policy statements, references to statutes and other cases, and generalized assertions.  Importantly, Mr. Fay's complaint fails to link specific factual allegations to the conduct of specific defendants or to the causes of action he alleges.  In other words, Mr. Fay's complaint does not allege what distinct conduct caused harm, which defendants participated in this specific conduct (and how), or how the conduct harmed Mr. Fay or violated his rights.  Therefore, it fails to state a plausible claim for relief under Rule 12(b)(6).  It also fails to comport with Rule 8 because it does not provide fair notice to the defendants of the grounds for the claims.

The court previously outlined these deficiencies and ordered Mr. Fay to amend his complaint, but he failed to do so.  Accordingly, further opportunities to amend would be futile, and dismissal is appropriate.  For these reasons, the undersigned recommends the district judge dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

<u>RECOMMENDATION</u>

The undersigned RECOMMENDS the district judge DISMISS this action.  The court will send this Report and Recommendation to Mr. Fay, who is notified of his right to object to it.  Mr. Fay must file any objection to this Report and Recommendation within fourteen (14) days of

service.  *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 15th day of November, 2021.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

5